UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **EDUARDO HERNANDEZ-OQUENDO**, *et al.*, | Civ. No. 2:13-133 (KM) |
| **Plaintiffs,** | |
| v. | **MEMORANDUM OPINION & ORDER** |
| **HONGO XU**, *et al.*, | |
| **Defendants.** | |

**THIS MATTER** having been opened to the Court by Plaintiffs Eduardo Hernandez-Oquendo and Maria Hernandez, through their counsel, Charles Hammer, Esq., on a Motion for Remand [ECF No. 3], which was removed from State court; and Defendants Hongbo Xu and Yifan Wang having submitted no papers in opposition to the Motion; and, on April 15, 2013, Magistrate Judge Arleo having submitted a Report and Recommendation (the "R&R") [ECF No. 6]; and the parties having made no objection; and the Court, pursuant to Federal Rule of Procedure 78, having considered all of the foregoing and other documents in the record; and for good cause appearing; the Court decides as follows:

(1) The Complaint [ECF No. 1-2] alleges negligent supervision, maintenance, ownership, operation, and control of a motor vehicle and loss of consortium arising from a motor vehicle accident between Hernandez-Oquendo and Defendant Xu. The Notice of Removal [ECF No. 1] alleges that the Court has diversity jurisdiction. *See* 28 U.S.C. §§ 1332.

(2) Magistrate Judge Arleo's R&R recommends remanding the case.

(3) Neither party has filed an objection to the R&R within fourteen days of April 16, 2013, when it was filed and served. *See* Local Civil Rule 72.1(c) (14-day deadline for objections).

(4) This Court reviews the Magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b)(3). "A judge of

    the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also U.S. v. Raddatz*, 447 U.S. 667, 680 (1980) (stating that the district court judge has broad discretion in accepting or rejecting the magistrate's recommendation).

(5) If there are no objections, the district court has discretion to choose an appropriate standard of review. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (the federal statute neither prohibits nor requires a particular standard if no objections are filed); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984). At a minimum, "[w]hat is not objected to, the district court reviews under the plain error or manifest injustice standard." *Megaparts v. Highcom Security*, No. 09-4052, 2010 U.S. Dist. LEXIS 63497, at *4 (D.N.J. June 25, 2010); *see, e.g., Banks v. Gallagher*, 686 F. Supp. 2d 499, 505 (M.D. Pa. 2009); *Cruz v. Chater*, 990 F. Supp. 375, 376–78 (M.D. Pa. 1998) (citing Advisory Committee notes on Federal Rule of Civil Procedure 72(b), implementing 28 U.S.C. § 636(b)(1)(C)).

(6) The standard of review, however, is not critical. I agree with Magistrate Judge Arleo that this case should be remanded. "If the complaint is ambiguous as to the damages asserted, the court may consider subsequent documentation." *Lauchheimer v. Gulf Oil*, 6 F. Supp. 2d 339, 344 (D.N.J. 1998) (citing *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993). The Complaint does not state the amount of damages the Plaintiffs are seeking. The Motion for Remand, however, indicates that the Plaintiffs' damages are less than $75,000. In addition, it does not appear that the Notice of Removal was timely filed. *See* 28 U.S.C. § 1446(b).

    **IT IS THEREFORE** this 3rd day of May, 2013,

    **ORDERED** that Magistrate Judge Arleo's R&R is adopted in full. Plaintiffs' Motion for Remand is **GRANTED**; and it is further

    **ORDERED** that the case be **REMANDED** to the Superior Court of New Jersey, Law Division, Essex County; and it is further

**ORDERED** that the Clerk **CLOSE** the file.

_____
KEVIN MCNULTY, U.S.D.J.